# FRANKLIN, etc., et al. v SCHMELZ and THE FLORIDA HIGH SCHOOL ACTIVITIES ASSOCIATION, etc.

## Case No. 85-22693 (CJ)

Seventeenth Judicial Circuit, Broward County

September 20, 1985

## OPINION OF THE COURT

MEL GROSSMAN, Circuit Judge.

### ORDER GRANTING TEMPORARY INJUNCTION

This cause coming on this day to be heard before this Honorable Court on September 18, 1985, upon the Plaintiffs, HENRIETTA FRANKLIN, as Guardian and next best friend of KEITH R. FRANKLIN and AMERICAN HERITAGE SCHOOL OF PLANTATION, INC., Motion for Temporary Injunction, and the Court having heard the testimony of all parties interested herein, and the argument of counsel, makes the following findings of fact and conclusions of law:

1. That the Plaintiff, HENRIETTA FRANKLIN, as Guardian and next best friend of the Plaintiff, KEITH R. FRANKLIN, has no adequate remedy at law.

2. That if KEITH R. FRANKLIN is denied the rights to participate in the interscholastic athletics for AMERICAN HERITAGE

SCHOOL OF PLANTATION, INC., he will, in fact, suffer irreparable injury as those moments of a young man's high school life will be gone forever. This 1985-1986 school year is his senior year of high school.

3. That the Defendants will not be harmed or damaged in any way by the Plaintiff, KEITH R. FRANKLIN's participation in the high school interscholastic athletics for the 1985-1986 school year for AMERICAN HERITAGE SCHOOL OF PLANTATION, INC.

4. That the Plaintiff, HENRIETTA FRANKLIN is totally without means to post a bond.

5. That there was no showing that the action of the Defendant herein, ROBERT SCHMELZ, in refusing to sign the Blue Waiver form to allow KEITH R. FRANKLIN to participate in athletics was motivated by racial discrimination.

6. That there was no evidence of recruiting on behalf of the Plaintiff, AMERICAN HERITAGE SCHOOL OF PLANTATION, INC.

7. That the Defendant, THE FLORIDA HIGH SCHOOL ACTIVI-TIES ASSOCIATION (hereinafter referred to as "FHSAA") has exclusive authority and responsibility for controlling all aspects of interscholastic activities in both public and private High Schools throughout Florida, and as such, the Association's promulgation and adoption of rules including Rule 19-11-2 should be considered State action for the purposes of constitutional analysis.

8. That the appropriate level of judicial scrutiny to be applied in the instant case is not the strict scrutiny analysis, but rather a "rational basis" standard, as there is no constitutional right in Florida to play football. See *FHSAA v. Thomas, et al.*, 434 So.2d 305.

9. FHSAA Rule 19-11-2 prohibits students transferring from one member school to another from participating in interscholastic sports for a period of one year. The purpose of this Rule is to prohibit recruiting violations or school shopping for athletic purposes or change of schools because some problem might exist between a student and an official, teacher, coach, etc. of the school from which the student is transferring.

10. Note 1 of the Rule permits a Waiver of this ineligibility status to be determined in the sole discretion of the principal of the school from which the student is transferring.

11. That the FHSAA encourages principals to waive Rule 19-11-2 where there is no evidence of any violation of the purposes or intent of the Rule. There was no evidence shown of any violation of the purpose of the Rule.

12. That the aim of the FHSAA is to promote, direct, supervise and regulate all interscholastic activities for high school students who are members of said Association, both athletic or nonathletic, and to assure that all such activities shall be part of and contribute towards the entire educational program of the State of Florida . . . and to safeguard the physical, mental and moral welfare of high school students and to protect them from exploitation. See By-Laws FHSAA 2-1-1.

13. That the Rule in and of itself is not unconstitutional, but rather as applied in this instance by the Defendant, ROBERT SCHMELZ evidence as intent on behalf of the Defendant, ROBERT SCHMELZ, to exercise a proprietary interest in the Plaintiff, KEITH R. FRANKLIN, which exercise of proprietary interest does not constitute or bear any reasonable relationship to a legitimate State purpose and as such was arbitrary and capricious.

Having made the above findings of fact and conclusions of law, IT IS THEREUPON ORDERED AND ADJUDGED as follows:

1. That the Plaintiff's Motion for Temporary Injunctive Relief is hereby granted.

2. That KEITH R. FRANKLIN is granted the right to participate in all interscholastic activities for AMERICAN HERITAGE SCHOOL OF PLANTATION, INC. from and after the date of this Order, and AMERICAN HERITAGE SCHOOL OF PLANTATION, INC. is hereby authorized to allow KEITH R. FRANKLIN to participate in such activities until further Order of this Court.

3. There is no bond required to be posted of this Court.